A. GELABERT & CO., PLAINTIFFS AND APPELLANTS, *v.* MORALES ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action for Security.

MOTION for reconsideration.

No. 2203.—Decided June 24, 1920.

PERSONAL OBLIGATION—SECURITY—INSOLVENCY.—Section 1096 of the Civil Code does not impose upon the debtor the obligation to give security for the fulfilment of a personal obligation when the debtor becomes insolvent or the securities previously given have diminished or disappeared, but confers upon him the right to give security in such a case in order to avoid that the obligation become actionable before maturity. Section 1088 of the same code, conferring upon the creditor the right to demand security, refers to conditional and not to absolute obligations.

The facts are stated in the opinion.
*Mr. L. Tormes* and *Miss H. Tormes* for the appellants.
*Mr. J. Tous Soto* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

On June 11, 1920, we dismissed the appeal in this case on the ground that an appeal did not lie from the order of the lower court for the execution of a former order of April 30, 1919, setting aside a previous order for an attachment to secure the effectiveness of such judgment as might be rendered in the action. The appellants move for a reconsideration of the judgment dismissing their appeal and allege that the appeal was taken from the order of April 30, 1919, setting aside the order for the attachment and not from the later order for its execution.

On page 11 of the transcript of the record appears the order of April 30, 1919, sustaining the motion of Eladio

Burgos to set aside the order of attachment and to vacate the attachment levied on his property. Immediately following is another motion of Burgos of May 5, 1919, stating that the order of April 30 was final according to section 14 of the act to secure the effectiveness of judgments and moving that a writ issue to the marshal for its execution. Then follows another order for the execution of the order of April 30, 1919, and the writ issued for that purpose on May 5, 1919, and then the notice of appeal, which in its pertinent part reads as follows:

"That not agreeing with the ruling of this court in this case ordering the dissolution of the attachment levied therein to secure the effectiveness of such judgment as might be rendered, we appeal from the said order to the Supreme Court of Porto Rico. Ponce, May 5, 1919 * * * Filed May 10, 1919."

In view of the foregoing and of the general wording of the notice of appeal, which does not state, as it should, that the appeal was taken from the order of April 30, 1919, and considering, that the transcript contains the later order for the dissolution of the attachment and the writ issued to the marshal for that purpose, and that the appeal was filed after the order following that of April 30, we think that we were justified in believing that the appeal was taken from the order for the execution of the order of April 30, and not from the order of April 30.

Although a notice of appeal should clearly show from what decision the appeal is taken and although it is not clearly shown in the present case that the appeal was taken from the order of April 30, 1919, nevertheless we shall consider the case on its merits, inasmuch as our judgment must be affirmative.

The firm of Gelabert & Co., Ltd., brought suit against Remigio Morales and Eladio Burgos on November 30, 1918, alleging that Morales had agreed in a private document of February 1, 1918, to pay the said firm $1,616.88 and interest

on February 1, 1919; that defendant Burgos signed that document as surety and principal jointly and severally; that Morales was solvent when he signed the promissory note, owning personal property and an interest in the mercantile firm of Ortiz & Morales, but all of his property was attached later in an action brought by Burgos against the firm of Ortiz & Morales and as a consequence he had become insolvent and was unable to discharge his liability to the plaintiffs; that the relations between the defendants are not cordial because of differences about money matters and that fact affects the claim of the plaintiffs against them; that Burgos owns sufficient real property within the jurisdiction of the court to secure by a mortgage the payment of the debt for which he jointly and severally became surety and principal; that for these reasons the plaintiffs have reason to fear that when the debt becomes due they will have difficulty in collecting it, Burgos having refused to furnish voluntarily the security asked for by the plaintiffs. Wherefore they pray the court to adjudge the insolvency of Remigio Morales and to order that Eladio Burgos execute a mortgage to secure the payment of the said debt and the costs, interest and attorney fees of the plaintiffs in case of foreclosure.

Upon filing the complaint the plaintiffs moved for a *lis pendens* attachment to secure the effectiveness of such judgment as might be rendered. The court sustained the motion, conditioned on the furnishing of a bond in an amount to be fixed. The attachment was levied on property of Eladio Burgos to the value of $32,000, according to his affidavit, and thereupon Burgos moved to set aside the order for the attachment and to dissolve the attachment levied on his property. The court sustained his motion on April 30, 1919.

It is not the purpose of the action to recover directly from the debtor or from his surety the amount of the obligation before it becomes due on account of the insolvency

of the principal debtor. It is only to compel the surety to secure his obligation by a mortgage in favor of the plaintiffs because of the insolvency of the principal and because the surety has refused to give such security voluntarily.

Is Burgos bound by law to create the mortgage demanded of him?

The Civil Code provides as follows:

"Section 1096.—The debtor shall lose all right to profit by the period—

"1. If, after contracting the obligation it should appear that he is insolvent, unless he gives security for the debt.

"2. If he does not give to the creditor the guaranties stipulated.

"3. If by his own acts he should have reduced said guaranties after giving them, and if they disappear through a fortuitous event, unless they are immediately substituted by new ones equally safe."

According to that statute, defendant Burgos is not bound by law to do what the complaint prays for. The giving of security and the substitution of securities which may have diminished or disappeared is a right allowed by law to an obligor who may have become insolvent to avoid recovery on his obligation before its maturity because of his failure to furnish the stipulated guaranties or because the securities given had diminished or disappeared, but it is not a duty imposed upon him by law. Moreover, according to the complaint Burgos is not insolvent. Consequently, as the plaintiffs had no matured claim against Burgos, the lower court acted correctly in dissolving the attachment by its order of April 30, 1919.

Section 1088 of the Civil Code (article 1121 of the Spanish Civil Code), cited by the appellant in support of his appeal, provides that "the creditor may, before fulfilling the conditions, enforce the actions which may be proper for the preservation of his right," but that section is not applicable to the present case because, as said by Manresa in his commentaries on the Civil Code, "it is a species of the special

consequences which attend a conditional obligation'' and ''keeping to the letter of the article, the right to bring actions looking to the security of rights is peculiar to suspensive conditional obligations * * *.'' This has its legal precedent in *Partida* V, Title XIV, Law 32, which clearly mentions suspensive conditional obligations.

A future obligation is not included among conditional obligations, the distinction being that the condition is an uncertain event while a future obligation must necessarily mature on a day known beforehand. For this and other differences the two kinds of obligations are governed by distinct but connected sections of the Civil Code.

It is understood that the legislature gives the right to demand security in conditional obligations because they can not be sued on unless the suspensive condition is fulfilled, and that it does not give a similar right to a creditor in a future obligation because; as such obligation is dependent only upon the arrival of the day fixed, it becomes due at that time, and the creditor is given the right to sue on an obligation before its maturity when the debtor has become insolvent after he contracted the obligation and fails to secure the debt, or to give the creditor the guaranties stipulated, or to substitute the guaranties that may have diminished or disappeared.

The appellant quotes from Manresa's comments on article 1140 of the Spanish Civil Code (section 1107 of our Code) as follows:

''On the other hand, as under article 1121 the creditor has the right to bring an action prior to the fulfilment of the condition looking to the preservation of his rights, it is logical that such an action for security may be brought by any creditor or against any of the debtors, with the single exception as to the latter that personal acts of security can be demanded only of the principal obligor.''

But that opinion of Manresa has no relation to this case, because, as therein stated, it rests upon the hypothesis of a

conditional obligation and the obligation involved in this action is not a conditional one, but a future one.

For the foregoing reasons we must reverse the judgment of this court of the eleventh of this month dismissing the appeal and in lieu thereof enter judgment affirming the order of the lower court of April 30, 1919, setting aside its former order of attachment.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.